UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Grover Wendell Beverly, Jr., | ) C/A No. 4:17-cv-02039-DCC |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| Joseph McFadden and Terri Smith, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Complaint and Amended Complaint alleging violations of civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1, 26. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 8, 2018, the Magistrate Judge issued a Report recommending that Defendant Joseph McFadden be dismissed without issuance of service of process. ECF No. 29. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit

the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Report recommends dismissal of Defendant McFadden because Plaintiff has not stated a plausible claim that he is liable as a supervisor. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Further, a plaintiff cannot maintain a claim against a supervisor unless the plaintiff alleges "that the supervisor had actual or constructive knowledge that his subordinate[s were] engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury" to plaintiff, "the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices," and "there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Green v. Beck*, 539 F. App'x 78 (4th Cir. 2013).

Here, Plaintiff argues in his objections that Defendant McFadden was made aware of his assault after it had occurred and reiterates his assertion that Defendant McFadden should be liable because he is responsible for all functions in the prison. However, as explained in the Report, these allegations are insufficient to state a plausible claim for supervisory liability. Accordingly, the Court adopts the Report and Recommendation of the

Magistrate Judge and overrules Plaintiff's objections. Defendant Joseph McFadden is

**DISMISSED** from this action without prejudice and without issuance of service of process.

    IT IS SO ORDERED.

                                s/ Donald C. Coggins, Jr.
                                United States District Judge

March 22, 2018
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.